IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

FILED

April 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

STATE OF TENNESSEE,     )
    )
    Appellee,     )
    )
    )
vs.     )
    )
    )
TERESA DEION SMITH HARRIS,     )
    )
    Appellant.     )
    )

Filed:

Hon. Julian P. Guinn
Judge

HENRY COUNTY

Supreme Court
No. 02-S01-9806-CC-00053

## SEPARATE CONCURRING OPINION

The majority concludes that the jury's finding of an incomplete aggravating circumstance permits Tenn. R. Crim. P. 52(a), harmless error review, holding the error statutory rather than constitutional. I agree that the error is statutory and that harmless error analysis applies. Accordingly, I join with the majority in affirming the judgment of the Court of Criminal Appeals. I write separately, however, because I find that, in conducting harmless error review, the majority fails to perform a sufficient analysis to support its finding that the invalid aggravating circumstance did not "affirmatively appear to have affected the result of the trial on the merits." See Tenn. R. Crim. P. 52(a).

The test for determining whether error is harmless is whether the court can say with fair assurance after pondering all that happened, without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error. See Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081 (1993); Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 1248 (1946). In conducting a harmless error review, the appellate court **"must identify and evaluate all of the evidence considered by the jury** in addition to ascertaining the probable effect of the alleged error itself;" the court must then consider the error in relation to all else that happened. See Yates v. Evatt, 500 U.S. 391, 405, 111 S.Ct. 1884, 1894 (1991) (emphasis added). If the

reviewing court can conclude that the error was unimportant in relation to everything else the jury considered in reaching its ultimate result, the error can be deemed harmless. Thus, the question is not whether the result reached by the jury is correct absent the error, but rather, whether the error contributed to the jury's result.

In finding that the jury's error was harmless, the majority summarily concludes that "one valid aggravating circumstance remains to support the defendant's sentence . . . [and] that [t]he defendant offers no specific argument which demonstrates that the jury grossly abused its discretion . . . ." I find this harmless error analysis deficient in that the majority, regardless of any argument by the defendant, has failed to undertake any examination of whether the sentence constitutes a "gross abuse of the jury's discretion" as statutorily required by Tenn. Code Ann. §39-13-207(g). For this reason, the majority has failed to conduct a true harmless error analysis. Rather, the majority, as noted above, in effect, perfunctorily finds the sentence appropriate based solely upon the existence of one valid aggravating circumstance. This finding suggests that as long as one valid aggravating circumstance exists, harmless error will always be found and no further review is necessary. This position ignores the fact that our legislature requires the jury to "weigh and consider" aggravating and mitigating circumstances and "in their considered discretion impose a sentence of either life or life without parole." Tenn. Code Ann. § 39-13-204(f). Because the jury is given such discretion in imposing the appropriate sentence, an appellate court which relies solely on the basis of a remaining valid aggravating circumstance resorts to unguided speculation in determining the propriety of the sentence imposed.

> A sentence of imprisonment for life without possibility of parole shall be considered appropriate if the state proved beyond a reasonable doubt at least one (1) statutory aggravating circumstance contained in § 39-13-204(I), and the sentence was not otherwise imposed **arbitrarily, so as to constitute a gross abuse of the jury's discretion.**

Tenn. Code Ann. § 39-13-207(g) (emphasis added). As mandated by statute, our obligation under harmless error review, after finding the existence of at least

2

one valid aggravating circumstance, is to determine, in the final analysis, whether viewing the record as a whole, the jury would have imposed the same sentence in the absence of the improper or incomplete aggravating circumstance.  In other words, the question is whether the jury's sentence constitutes a "gross abuse of discretion" absent consideration of the invalid aggravating circumstance.  This analysis would necessarily require consideration of (1) the source and nature of the invalid aggravating circumstance(s), (2) the number and strength of the remaining valid aggravating circumstance(s), and (3) the nature, quality, and strength of the mitigating evidence.  The performance of any review short of this analysis would require conjecture as to which of the two sentencing options the jury would have chosen absent the invalid aggravating circumstance.

In the present case, I agree with the majority's conclusion that the proof supports the jury's finding that "[t]he murder was committed for the purpose of evading, interfering with, or preventing a lawful arrest or prosecution of the defendant or another[.]"  Tenn. Code Ann. § 39-13-204(i)(6).  However, in order to complete harmless error review, I additionally find from a review of the record that, notwithstanding the nature and circumstances establishing the invalid aggravator, the jury would have nevertheless returned a verdict of life without the possibility of parole considering the overwhelming proof supporting the remaining valid aggravating circumstance and the unpersuasive argument by the appellant of mitigating circumstances, *i.e.*, that she was a victim of drug addiction, sexual and physical abuse and male dominance.  I conclude that the sentence ultimately imposed was not the result of a gross abuse of the jury's discretion and that, under the circumstances of the present case, a sentence of life without the possibility of parole was appropriate.  Accordingly, the jury's consideration of the invalid aggravating circumstance amounts to harmless error.

_____
DAVID G. HAYES, Special Justice

3